```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

```
JOHN BUTTERLY, a Minor, by      :
SAMUEL J. KITCHEN, his          :
Guardian, MATTHEW AND MARION    :
BUTTERLY, Individually and      :
JACOB SAMUEL BUTTERLY, a Minor: 
by KRISTY OBERMAN, his          :
Guardian                        :
                                :
                                :   NO: 103CV03352(JEI)
         v.                     :
                                :   ORDER FOR DISTRIBUTION OF
TAMERLANE CAMPGROUND, INC.      :   SETTLEMENT FUNDS
SOUTH JERSEY PUBLISHING CO.     :
```

1. WHEREAS, a Complaint in the above-mentioned matter was filed on or about July 15, 2003 on behalf of Samuel J. Kitchen as Guardian for Minor John Butterly, for a personal injury action as a result of Minor, John Butterly suffering injury when an unsecured newsvending machine of Defendant South Jersey Publishing Company toppled onto him while vacationing at Defendant Tamerlane Campground, Inc.'s property.

2. An answering pleading was filed on behalf of the Defendant Tamerlane Campground, Inc. by Kevin P. Harper, Esquire and on behalf of South Jersey Publishing Company by Louis Niedelman, Esquire.

3. The parties have mutually agreed to a settlement of

this lawsuit for a gross sum of $2.2 million with 60% of the settlement to be paid by Defendant South Jersey Publishing Company and 40% of the settlement to be paid by Defendant Tamerlane Campground, Inc.

    4.   Plaintiff's counsel has applied to this Court under N.J. R 1.21-7(f) for a higher fee than the statutory 25% fee allowed for Minor's cases that did not go to trial.

    5.   Plaintiff is requesting that the statutorily-allowed fee of 25% of $2 million ($500,000) be disbursed at this time with hearing on counsel's application for a 30% fee on the full amount of the Net Recovery after costs to be heard at a later date and additional attorney fees requested of $142,648.99 to be put into escrow until such matter can be decided by the Court.

    6.   New Jersey Attorney Thomas Vesper is to be paid $50,000 in attorney fees from the total attorney fee award.

    7.   The law firms of McTighe, Weiss, O'Rourke and Westmoreland, Vesper & Quattrone have submitted affidavits and evidence supporting total costs expended in this litigation of $57,836.67.

    8.   Minor John Butterly has cognitive deficits that would benefit from additional tutoring services outside that which is available at his school.  A distribution of $3,100.00 to Marion Butterly, as John's custodial parent, for

tutoring services for the current calendar year has been requested of this court to provide tutoring at the rate of $40.00 per hour for 2-3 times a week.

8. Minor's parents, Matthew and Marion Butterly have submitted an Affidavit supporting disbursement of $10,020.00 in past medical and special educational expenses for their son along with travel expenses and have requested reimbursement.

9. Plaintiff Samuel Kitchen as guardian for minor John Butterly in this lawsuit, has submitted an Affidavit supporting disbursement of $3,190.00 for travel and other expenses incurred in this lawsuit and has requested reimbursement.

10. Plaintiff's counsel has submitted information on various settlement structures for the remaining funds for Minor's benefits.

11. Plaintiff has proposed that $325,000.00 of the remaining net fees be invested in an Annuity with Allstate Insurance to provide a stream of payments to John Butterly between the ages of 18 and 30 years.

12. Plaintiff has proposed that all remaining funds after the above deductions (or approximately $1,158,204.34) has been requested to be deposited to a Section 130 Exempt Structured Settlement Trust with the Sun Trust Bank with the

initial Administrative fee of $600.00 and initial placement fees to be deducted from these funds before investment.

13. In the alternative, Plaintiff requests that this Court select either the PNC Trust or Haverford Trust structured proposals for investment of minor's net funds.

14. This appears to be a fair and reasonable resolution of this matter in that John Butterly's seizures' causal relation to his accident was hotly contested by each side's experts and it could not be predicted how the expert evidence might be evaluated by a trier-of-fact.

15. This appears to be a fair and reasonable resolution of this matter as the establishment of a structured distribution has been recommended by Minor's neurologist and neuropsychologist as being appropriate for addressing John Butterly's specific cognitive deficits and needs.

17. This Court also finds that the Structured Settlements proposed and the companies backing these structures are sound, safe and reasonable for investment of Minor's funds.

18. Plaintiff's guardian, Minor's parents and Defendants feel that this is a fair and equitable distribution of the proceeds of the settlement.

19. Any amounts due under relevant New Jersey or

Pennsylvania domestic relations law will be deducted from any payment prior to distribution.

IT IS THEREFORE **O R D E R E D** on this ___ day of _____, 2007, that the settlement in the amount of $2.2 million is hereby approved;

IT IS FURTHER **O R D E R E D** that the attorney costs of $57,836.67 as requested are hereby approved;

IT IS FURTHER **O R D E R E D** that the statutory attorney fees of $500,000.00 are hereby approved;

IT IS FURTHER **O R D E R E D** that this Court will schedule a future hearing on Plaintiff's counsel application for additional fees in the amount of $142,648.99 and such funds will be held in escrow by _____ until such matter is decided by the Court.

IT IS FURTHER **O R D E R E D** that the net amount of **$1,158,204.34** to be invested in a Section 130 Exempt Structured Settlement Trust with the Sun Trust Bank of Atlanta, Georgia, as the Trustee is hereby approved with Defendants to make payment to "McTighe, Weiss, O'Rourke, Troncelliti & Morgan, P.C." for deposit in its client Trust account; when that check clears, Plaintiff's counsel is to make payment of $1,158,204.34 to "Sun Trust Bank as Trustee of the John M. Butterly Structured Settlement Administration Trust" with the initial investment fee of 4.5% and the

initial Trustee fee of $600.00 to be deducted from this amount.  It is also understood that this Trust will allow for an immediate disbursement of $10,000.00 to Plaintiff's mother for the purpose of a vacation for Minor John and his family.

IT IS FURTHER *O R D E R E D* that Matthew Butterly as father of John M.  Butterly, his minor son, and Marion Butterly, as mother and custodial parent of her minor son, John M.  Butterly, shall enter into, execute and abide by the terms and conditions of the Structured Settlement Assignment Agreement.

IT IS FURTHER *O R D E R E D* that pursuant to rule 4:48A, that the net present recovery of **$325,000.00** shall be structured with payments to be assigned to **Allstate Assignment Company** (Assignee) by way of a Uniform Qualified Assignment by the defendant and/or insurer. In accordance with the Uniform Qualified Assignment, the assignee will fund its obligation to make payments through the purchase of an annuity from **Allstate Life Insurance Company**, an **A+ Superior** rated life carrier by the independent rating service, A. M. Best.  The payments will be guaranteed through the issuance of *Statement of Guarantee* by **Allstate Life Insurance Company** which guarantees the obligation of **Allstate Assignment Company** assumed under the Uniform Qualified Assignment. Periodic payments will be made to **JOHN BUTTERLY** as follows:

**$2,500.00** monthly income for the first twelve years of payments guaranteed, including a 3% COLA compounded annually, beginning at age 18.

Lump sum payments of **$25,000.00** at age 18; **$40,000.00** at age 21; **$60,000.00** at Age 25; and **$80,865.00** also to be made.

In the event of the death of **JOHN BUTTERLY** prior to June 18, 2026, any periodic payment due and payable as outlined above on the dates above will be paid to the "*Estate of JOHN BUTTERLY*".

**JOHN BUTTERLY** retains the right to amend the beneficiary designation, in accordance with the Settlement Agreement and Release, upon reaching the age of majority.

IT IS FURTHER *O R D E R E D* that a sum of **$10,020.00** will be distributed to Matthew and Marion Butterly for reimbursement of their son's past medical and special education expenses and their own expenses relevant to this litigation.  Any amount shown as outstanding for child support will be deducted from that party's portion by Plaintiff's counsel and paid to the relevant state Child Support Disbursement Unit under appropriate state law.

IT IS FURTHER *O R D E R E D* that a sum of **$3,100.00** will be distributed to Marion Butterly as John Butterly's custodial parent to be used for the 2007 costs of outside tutoring services at the cost of $40.00 per hour for 2-3 hours per week.

IT IS FURTHER *O R D E R E D* that **$3,190.00** will be disbursed to John Butterly's guardian, Samuel J. Kitchen for reimbursement of travel expenses associated with the litigation.

IT IS FURTHER *O R D E R E D* that no bond is required for any of the distributions pursuant to this Order.

IT IS FURTHER *O R D E R E D* _____

_____

_____

BY THE COURT:


_____
U.S.D.J.